Johnson, J.,
concurring in part and dissenting in part: I agree with the majority’s conclusion that, by failing to file the proposed ordinance with the city clerk, the Marijuana Reform Initiative (Initiative) did not comply with a statutory requirement necessary to effect a citizen-initiated city ordinance. Where I part company with the majority is with its determination that it was proper for this court to retain jurisdiction over this original action when it was readily apparent that adequate relief was available in the district court.
Granted, the extent of a municipality’s constitutional home rule powers, as manifested in this case by the alleged conflict between a municipal ordinance and state-wide criminal law, could provide the rare circumstance justifying a departure from our general rule of declining concurrent jurisdiction over original actions. See Supreme Court Rule 9.01(b) (2015 Kan. Ct. R. Annot. 88) (“An appellate court ordinarily will not exercise original jurisdiction if adequate relief appears to be available in a district court.”). But the majority did not reach the constitutional issue on home rule. Instead, the majority avoided the question with which the public is most concerned by applying the discretionary policy of declining to reach constitutional questions where an alternative ground for relief is presented. I submit that, if the court was wholeheartedly committed to its prudential policy of constitutional question avoidance, an exception to the concurrent jurisdiction rule of Supreme Court Rule 9.01(b) was unjustified in this case.
The majority attempts to justify its extraordinary exercise of original jurisdiction by elevating the significance of the State-raised question of the proposed ordinance’s compliance with the procedural requirements of the initiative and referendum statute. But applying well-settled canons of statutory construction to determine whether an action is procedurally flawed is something district courts do with regularity. Moreover, unlike appellate courts, district courts are equipped for, and adept at, receiving evidence and making factual determinations. In my view, the ability to further *670 develop the facts would have aided the determination of the compliance question in this case.
When this original action was filed, the district court already had a pending declaratory judgment action. Remanding this original action to be consolidated with the pending district court case would have been an ordinary, natural course of action to deal with the State’s statutory compliance challenge. Indeed, such a remand might well have accelerated the case’s resolution on statutory compliance grounds. On the other hand, if the district court determined that it could reach the constitutional question, its decision was still subject to review by this court.
In short, I view this court’s May 13, 2015, order retaining jurisdiction as being indiscreet, given that one of the claims in the Attorney General’s petition sought relief on procedural grounds for which the district court could have provided adequate relief. I would acknowledge that indiscretion in this opinion to provide guidance for litigants involved in future concurrent jurisdiction circumstances.
* * *